**NEANDER v. UNITED STATES.**

(Circuit Court of Appeals, First Circuit. November 4, 1926.)

No. 1913.

Criminal law ⟨⟩1124(1).

Denial of new trial, sought on ground that verdict was contrary to law and evidence, and that instructions were erroneously refused, not excepted to, presents nothing for review, where evidence and requested instructions are not reported.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Luis Garcia Neander was convicted of stealing from funds belonging to the United States, and he brings error. Affirmed.

B. F. Sanchez and H. R. Francis, both of San Juan, Porto Rico, for plaintiff in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an indictment charging in the first count that the defendant on or before the 8th day of July, 1925, at San Juan, Porto Rico, being the superintendent of mails connected with the collection of customs duties on mail entries of imported foreign merchandise received in the post office at that place, "did then and there willfully, knowingly, unlawfully, feloniously, and with criminal intent to defraud the United States, embezzle and convert to his own use a certain portion of the customs duties collected on mail entries of imported merchandise, the sum of" $1,361.44, which had come into his possession because of his employment as aforesaid. In the second count he was charged with willfully and feloniously stealing said sum from funds belonging to the United States.

He was found guilty on the second count, not guilty on the first, and was sentenced to a term of three years at hard labor at Atlanta and to pay the costs of suit.

After the verdict was rendered and before sentence the defendant moved for a new trial on the grounds (1) that the verdict was contrary to law; (2) that it was contrary to the evidence; and (3) that the court erred in refusing to give the instructions asked by the defendant. The single error assigned is that the court erred in not granting the motion for a new trial.

The evidence given at the trial is not reported, and it nowhere appears in the record what instructions, if any, were requested by the defendant, or that the denial of the motion for a new trial was excepted to. Under the circumstances, it is apparent that no question of law is presented for our consideration.

The judgment of the District Court is affirmed.